J-S33039-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEVIN GERARD PINCKNEY | |
| Appellant | No. 3194 EDA 2013 |

Appeal from the Judgment of Sentence entered October 30, 2013
In the Court of Common Pleas of Lehigh County
Criminal Division at No: CP-39-CR-0000622-2013

BEFORE: FORD ELLIOTT, P.J.E., OLSON, and STABILE, JJ.

MEMORANDUM BY STABILE, J.: **FILED AUGUST 25, 2014**

Appellant, Kevin Gerard Pinckney, appeals from the judgment of sentence the Court of Common Pleas of Lehigh County entered October 30, 2013. Appellant argues the trial court erred in denying his motion to suppress. Specifically, Appellant avers the trial court should have granted his motion because the "police did not have probable cause or even reasonable suspicion to stop the vehicle in which [Appellant] was a passenger." Appellant's Brief at 9. Upon review, we disagree. Accordingly, we affirm.

Appellant does not challenge the trial court's findings of fact, but only the trial court's legal conclusions from those facts.[1] Appellant, in fact,

_____

[1] A review of the record supports the trial court's findings of fact. Accordingly, we incorporate here the findings of fact as set forth by the trial
*(Footnote Continued Next Page)*

acknowledges that the police, "based upon what they observed, may have had suspicions that there was criminal activity involving at least one occupant of the vehicle in which [Appellant] was sitting." Appellant's Brief at 9. However, Appellant argues, "the evidence was not sufficient to give rise to probable or reasonable cause to stop and search." *Id.* We disagree.

> [I]n addressing a challenge to a trial court's denial of a suppression motion [we are] limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Since the [Commonwealth] prevailed in the suppression court, we may consider only the evidence of the [Commonwealth] and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the factual findings of the trial court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Cauley*, 10 A.3d 321, 325 (Pa. Super. 2010) (quotation omitted).

Appellant acknowledges "that the forcible stop of a vehicle constitutes an investigative detention such that there must be reasonable suspicion that illegal activity is occurring." Appellant's Brief at 12 (citing *Commonwealth Washington*, 63 A.3d 797 (Pa. Super. 2013) and *Commonwealth v. Cruz*, 21 A.3d 1247 (Pa. Super. 2011)).

_(Footnote Continued)_ ────────────

court in its Rule 1925(a) opinion filed December 24, 2013. We direct that a copy of the trial court's Rule 1925(a) opinion be attached to any future filings in this case.

Reasonable suspicion is a less stringent standard than probable cause necessary to effectuate a warrantless arrest, and depends on the information possessed by police and its degree of reliability in the totality of the circumstances. In order to justify the seizure, a police officer must be able to point to specific and articulable facts leading him to suspect criminal activity is afoot. In assessing the totality of the circumstances, courts must also afford due weight to the specific, reasonable inferences drawn from the facts in light of the officer's experience and acknowledge that innocent facts, when considered collectively, may permit the investigative detention.

**Commonwealth v. Holmes**, 14 A.3d 89, 95 (Pa. 2011) (citations, quotation marks, and alteration omitted).

As summarized in its Rule 1925(a) opinion, the trial court found:

Here, from the totality of the circumstances [the detectives] had [reasonable suspicion[2]] to believe that they had witnessed a sale of illegal drugs and that the occupants of the [Cadillac CTX] were the sellers of drugs. The detectives were patrolling in an area known for its high volume of crime and drug activity. They observed the [Cadillac CTX] being followed through alleys by the [Ford Focus] in a manner often associated with drug transactions. They witnessed the two cars stop abruptly in Brick Street and the driver of the [Ford Focus] exit his vehicle and approach the driver of the [Cadillac CTX]. [One detective] saw a hand-to-hand exchange between these men. The detectives then observed a man exit the rear passenger door of the [Cadillac CTX]. [One detective] saw this man holding what appeared to be crack cocaine. The detectives made all of these observations at close range in that they were parked immediately behind the stopped [Ford Focus]. The sum of these observations was sufficient to give a reasonable law enforcement

_____

[2] The trial court found the officers had probable cause to forcibly stop the vehicle, but provided no authority for the proposition that probable cause was needed to perform a stop. In his argument, as noted, Appellant acknowledges reasonable suspicion was sufficient to conduct a stop under the circumstances. Appellant's Brief at 12 (citing **Washington**, **supra**, and **Cruz**, **supra**).

- 3 -

officer cause to believe that he was witnessing drug transactions and that the occupants of the [Cadillac CTX] were selling drugs. Thus, the detectives had [reasonable suspicion] to stop the [Cadillac CTX].

Trial Court Opinion, 12/24/13, at 6-7.

We agree. Based on the circumstances of the case, as summarized in the trial court opinion, we conclude the detectives had reasonable suspicion to believe the occupants of the Cadillac CTX were involved in criminal activity such as to warrant stopping the vehicle.

Appellant also argues there was no evidence he was involved in a drug transaction. Appellant's Brief at 13. "In fact, the testimony seems to indicate that they weren't even sure that there was an individual seated in the front right side passenger seat until the vehicle was stopped." *Id.* If anything, the argument goes to the weight of the evidence, and does not address the dispositive issue in this matter: did the officers have reasonable suspicion to stop the vehicle in which he was an occupant? As noted, the answer is yes.

Finally, Appellant questions the court's reliance on the officers' experience to justify the stop "because, while the experience can be helpful in making sense of an unusual situation, it can also taint the officer's judgment by making them see drug activity occurring in even innocent circumstances." *Id.* Appellant seems to ignore the officers here relied on their experience as well as their direct observations of an exchange involving a substance which looked like crack cocaine. Additionally, Appellant ignores

that officers need only reasonable suspicion of criminal activity, not certainty, and that even innocent facts, in combination, may give rise to reasonable suspicion. *See Terry v. Ohio*, 392 U.S. 1, 22 (1968) (innocent facts, when taken together, may warrant further investigation).

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/25/2014